10010.   Martin v. The State.

Broyles, P. J.  1. There was no error in the admission of testimony complained of in the special ground of the motion for a new trial.  The evidence was admissible for what it was worth.

2. The evidence in this case, connecting the defendant with the whiskv found by the officer, while entirely circumstantial, was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused; and the court did not err in overruling the motion for a new trial.

Judgment affirmed. Bloodworth and Harwell, JJ., concur.
Decided November 7, 1918.

Accusation of misdemeanor; from city court of Floyd county—
Judge Nunnally. July 15, 1918.

The accusation charged the defendant with having had in his possession, custody, and control intoxicating liquor. The only testimony was that of the sheriff, who testified that in a stable in which the defendant kept a jackass, where one Mullen lived, across the street from where the defendant lived, he found a keg with six or seven gallons and a quart-bottle of whisky, and several other bottles of whisky around the keg, in the jackass stall, in a trench which had been dug there; and he arrested Mullen and the defendant, and both of them denied knowledge of the whisky. He testified that Mullen "did not use the stable where the whisky was found." Over the objection that it was irrelevant and tended to prejudice the jury against the defendant, the court allowed the witness to testify as follows: "On a former occasion I saw Will Martin [the defendant] with a basket of shucks on his shoulder, carrying them over to that jackass. I came up behind him. He looked around, saw me, and said, 'Why, Mr. Smith, you scared me. Don't run upon me that way. You liked to have made me drop this basket.'" This is the testimony referred to in paragraph 1 of the decision. The defendant, in his statement at the trial, said that the whisky found was not his whisky, and he did not know it was in the jackass stall; that the barn where the jackass was kept was on the place rented to Mullen by Mr. Harvey, and Mullen gave him permission to keep the jackass in the stall; that he (the defendant) had nothing further to do with it; and that Mullen admitted, after his arrest, that the whisky belonged to him (Mullen), and that he (Mullen) put it there.

*J. W. Ewing,* for plaintiff in error.

*J. F. Kelly, solicitor;* contra.